UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANK WRIGHT,　　　　　　　　　　CASE NO.:

　　Plaintiff,

v.

PROUD PLUMBERS, LLC,
MAXINE CAMPBELL and
CHARLES MORRIS,

　　Defendants.
_____/

## COMPLAINT

**COMES NOW** Plaintiff FRANK WRIGHT ("Plaintiff"), by and through the undersigned counsel, and hereby brings this Complaint against Defendants, PROUD PLUMBERS, LLC, MAXINE CAMPBELL and CHARLES MORRIS ("Defendants") and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.　Plaintiff is an adult male citizen of the State of Florida and a resident of Alachua County, Florida.

2.　At all times material, until it they terminated Plaintiff, Defendants employed Plaintiff in Alachua County Florida.

3.　This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1337, and the Fair Labor Standards Act ("FLSA").

1

4. This Court has authority to grant relief pursuant to the FLSA.

5. Venue is proper within the United States District Court for the Northern District of Florida, Gainesville Division pursuant to 28 U.S.C. § 1391(b).

6. Defendants Charles Morris and Maxine Campbell are the owners and operators of Defendant Proud Plumbers, LLC, a plumbing business. They exercised managerial control over Defendant Proud Plumbers, LLC and ran its day-to-day operations. Alternatively, or in addition thereto, they directly participated in hiring, firing, employee compensation decisions, and other work issues of Plaintiff.

## **COVERAGE**

7. At all times material hereto, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r), (s).

8. At all times material hereto, Defendants were Plaintiff's "employer," as that term is defined by 29 U.S.C. § 203(d).

9. At all times material hereto, Defendants were engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1).

10. At all times material hereto, Defendants were engaged in providing plumbing services and goods, and Defendants' employees regularly sold, handled, or otherwise worked on goods or materials that had been moved or produced for commerce.

11. At all times material hereto, and based in part on the scope of its apparent operations, Defendants are believed to have had an annual gross volume of sales made or business done of not less than $500,000.00, and employed two or more employees.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendants performing plumbing services and was due overtime for hours worked over 40.

13. After numerous prior attempts to obtain unpaid overtime, on January 27, 2017 at 9:49am Plaintiff again requested from Defendants his overtime via a text stating that "Are y'all planning on paying me for any of the past overtime." In response, although the Defendants had all of Plaintiff's pay records, they asked him to "bring All your stubs and tell us what we owe you" in order to get paid. Defendants then asked Plaintiff to come to the office to "have a discussion" at which time Plaintiff was terminated in relation to his request for overtime pay.

14. In further retaliation against Plaintiff, Defendants falsely claimed that Plaintiff stole sewer equipment and discouraged Plaintiff from suing for overtime by threating a counterclaim for the alleged theft. At no time, prior to when Plaintiff complained about overtime pay, did Defendants claim this equipment stolen or missing as a result of Plaintiff's thievery.

15. On January 30, 2017, in an attempt to further discourage Plaintiff's overtime claim and both retaliate against him and discriminate against him, Defendants stated via text the following: "When you sue us, I will countersue for this equipment."

16. Prior to bringing this lawsuit, Plaintiff's counsel delivered to Defendants the due diligence letters attached hereto as Exhibits A and B. Exhibit B, in particular, lists many of the same facts listed in this Complaint. Defendants responded by delivering the letter attached hereto as Exhibit C admitting that overtime was paid but not offering to pay liquidated damages for the failure to pay overtime and/or providing specific facts to rebut the claims made in the attached Exhibit B.

17. Defendants acted willfully in failing to pay Plaintiff in accordance with the law.

18. Defendants acted willfully in retaliating against Plaintiff by terminating his employment for making good faith complaints about Defendants' failure to pay him overtime pay in accordance with the law.

19. All conditions precedent and exhaustion of administrative remedies, if any, to this action have been satisfied or waived, and this action is timely filed.

## COUNT I
## Violation of the Fair Labor Standards Act, 29 U.S.C. § 207-Overtime Violation

20. Plaintiff restates and re-alleges every factual allegation contained in paragraphs 1 through 19 of this Complaint as if set out here in full.

21. Plaintiff is a non-exempt employee under the FLSA.

22. Plaintiff is entitled to overtime compensation at the statutory rate for all hours worked in excess of forty (40) hours in a given week at the pay agreed upon by Defendants and himself.

23. Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) hours in a given work week, as required under the FLSA at the agreed upon hourly rate.

24. By reason of Defendants' violation of the FLSA by failing to pay all overtime compensation to Plaintiff, Plaintiff is entitled to recover all amounts provided for pursuant to 29 U.S.C. §§ 207, 216.

25. Defendants' failure to pay overtime compensation was willful and therefore Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 216.

26. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of overtime wages.

27. Plaintiff has retained the services of The Law Office of Massey & Duffy, PLLC, and has promised to pay said law firm reasonable attorney's fees and costs for which Defendants are liable pursuant to the statutory provisions under 29 U.S.C. § 216.

WHEREFORE, Plaintiff demands judgment against all Defendants for the payment of all hours worked at a rate not less than the statutorily prescribed overtime wage, back pay, liquidated damages, or if liquidated damages are not awarded, then pre-judgment interest and post-judgment interest at the highest allowable rate, attorney's fees

and costs pursuant to 29 U.S.C. § 216, declaratory relief, and any other relief this Court deems just and proper.

## COUNT TWO
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3)- Retaliation)

28. Plaintiff restates and re-alleges every factual allegation contained in paragraphs 1 through 19 of this Complaint as if set out here in full.

29. Defendants unlawfully retaliated against Plaintiff by terminating his employment in violation of 29 U.S.C. § 215(a)(3) and by falsely claiming he stole from them. Defendants also retaliated against Plaintiff and discriminated against him by threating a counterclaim for an alleged theft Plaintiff did not do.

30. Plaintiff engaged in FLSA protected activity by complaining about not being paid properly for all overtime hours worked.

31. Plaintiff engaged in FLSA protected activity by complaining about, and objecting to, overtime violations to Defendants.

32. Plaintiff's protected activity was pursuant to his reasonable and good faith belief that overtime violations under the FLSA had occurred, and he was entitled to protection.

33. Defendants were aware of Plaintiff's protected activity constituting the reporting and objection to the overtime violations pursuant to the FLSA.

34. Defendants subjected Plaintiff to materially adverse employment action, discharge from employment and falsely claiming he committed a crime and threatening to sue Plaintiff, because of Plaintiff's protected activity and to discourage Plaintiff from receiving overtime pay.

35. The acts and omissions committed by Defendants were willful.

36. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and will continue to suffer: lost wages in the form of lost back pay and lost front pay, lost benefits and entitlements, damage to his career and reputation, personal humiliations, mental anguish, emotional distress, and loss of enjoyment of life.

37. Plaintiff has retained the services of Massey & Duffy, PLLC, and has promised to pay said law firm reasonable attorney's fees and

costs for which Defendants are liable pursuant to the statutory provisions under 29 U.S.C. § 216.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for damages and equitable relief including but not limited to lost back pay, lost front pay, lost benefits, lost benefits and any other lost economic damages; non-economic damages including emotional distress and mental anguish, damages to career and reputation, personal humiliation, and loss of enjoyment of life; liquidated damages; attorneys' fees and costs under 29 U.S.C. § 216; prejudgment and post-judgment interest; and such other relief that this Court deems just and proper under the circumstances.

Dated: June 21, 2017

                              Respectfully submitted,

                              By: /s/ Michael Massey, Esq.
                              Florida Bar No. 153680
                              Massey & Duffy, PLLC
                              855 E. University Ave.
                              Gainesville, FL 32601
                              massey@352law.com
                              *Counsel for Plaintiff*